GIBSON, DUNN & CRUTCHER LLP
JEFFREY D. DINTZER (SBN 139056)
NATHANIEL P. JOHNSON (SBN 294353)
BENJAMIN SALTSMAN (SBN 300491)
333 South Grand Avenue, 47th Floor
Los Angeles, CA  90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Respondent-in-Intervention and Cross-Complainant*,
CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YOUTH FOR ENVIRONMENTAL JUSTICE, SOUTH CENTRAL YOUTH LEADERSHIP COALITION, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>            Petitioners/Plaintiffs,<br><br>      vs.<br><br>CITY OF LOS ANGELES, CITY OF LOS ANGELES DEPARTMENT OF CITY PLANNING, MICHAEL J. LOGRANDE, in his official capacity as Director of Los Angeles Department of City Planning; and DOES 1 through 20, inclusive,<br><br>            Respondents/Defendants.<br><br>_____<br><br>CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION,<br><br>            Respondent/Defendant-in-Intervention. | Case No. 2:16-cv-7381<br><br>**FIRST AMENDED VERIFIED CROSS-COMPLAINT BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION**<br><br>Action Filed:  November 6, 2015;<br>Cross-Claim Filed: September 26, 2016;<br>Removal Filed: October 3, 2016<br><br>Trial Date:  None set |

1 | CALIFORNIA INDEPENDENT
2 | PETROLEUM ASSOCIATION,
3 |                Cross-Complainant,
4 |      vs.
5 | YOUTH FOR ENVIRONMENTAL
    | JUSTICE, SOUTH CENTRAL
6 | YOUTH LEADERSHIP
    | COALITION, CENTER FOR
7 | BIOLOGICAL DIVERSITY,
    | CITY OF LOS ANGELES, CITY
8 | OF LOS ANGELES
    | DEPARTMENT OF CITY
9 | PLANNING, and MICHAEL J.
    | LOGRANDE, in his official capacity
10 | as Director of Los Angeles
    | Department of City Planning; and
11 | DOES 1 through 20, inclusive,
12 |                Cross-Defendants.
13 |
14 |
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

FIRST AMENDED VERIFIED CROSS-COMPLAINT
BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION

Cross-Complainant and Defendant/Respondent-in-Intervention California Independent Petroleum Association ("CIPA") brings this Cross-Complaint against Plaintiffs/Petitioners and Cross-Defendants Youth for Environmental Justice, South Central Youth Leadership Coalition, and the Center for Biological Diversity (collectively, "CBD" or "Petitioners"), and against Defendants/Respondents and Cross-Defendants City of Los Angeles, City of Los Angeles Department of City Planning, and Michael J. LoGrande (collectively, "City"), as follows:

## I.    INTRODUCTION AND SUMMARY OF ACTION

1.    By their Verified Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandate ("Petition") filed November 6, 2015, CBD alleged that the City violated the California Environmental Quality Act ("CEQA") and Government Code section 11135 by engaging in an alleged "pattern and practice" of issuing conditional use plan approvals for existing and new oil-extraction operations with allegedly inadequate environmental review.

2.    CIPA—the Defendant/Respondent-in-Intervention to the Petition—is a trade association whose members engage in petroleum exploration and production activities in California generally and the City of Los Angeles specifically.  CIPA's members and their respective affiliates claim direct and beneficial property interests relating to the subject of the aforementioned action.  Resolution of the aforementioned action may impair or impede the ability of CIPA to protect its members' vital property interests threatened by Petitioners' lawsuit.  The City cannot be expected to adequately represent the substantial private interests of CIPA's members.  The relief requested by CBD would cause financial injury to the oil and gas operations of CIPA's members in Los Angeles.  On this basis, the Court permitted CIPA to intervene in the aforementioned case on July 20, 2016.

3.    On July 20, 2016, after permitting CIPA to intervene to respond to and defend against the Petition, the Court instituted a litigation stay.  The litigation stay was implemented on the condition that all parties, including CIPA, be allowed to

1

FIRST AMENDED VERIFIED CROSS-COMPLAINT
BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION

participate in good faith efforts to settle this matter.  Instead, Petitioners and Respondents (hereinafter collectively "Defendants") have used the stay to prohibit CIPA from taking discovery and defend against this lawsuit, all while secretly negotiating some settlement agreement without even advising CIPA that an agreement has been reached.  When CIPA asked the Defendants to share the settlement agreement or the terms of the agreement with CIPA the defendants refused to do so.

4.     On September 28, 2016, Petitioners and the City entered into an agreement to settle the claims raised in the Petition, without ever contacting CIPA. Later that day, Petitioners filed voluntary requests for dismissal of the claims in the Petition with prejudice.

5.     CIPA was informed that on September 19, 2016, the City instituted new regulations as part of their settlement with Petitioners and consistent with the allegations and requested relief in the Petition.  These regulations now require unnecessary and burdensome environmental review of every application for any approval related to oil extraction in the City of Los Angeles, even though CIPA was not provided any notice, nor opportunity to comment on any of the new regulations. The City deliberately embarked upon a strategy to secretly negotiate the terms of a settlement that they knew would materially impact CIPA, without getting any input on the terms of the settlement from CIPA or its members.  As a party to this lawsuit, with direct and significant interests that would undoubtedly be prejudiced by the settlement between CBD and the City, CIPA is entitled to object to the settlement and receive a decision on the merits of the case.  (See *Reed v. Utd. Teachers L.A.* (2012) 208 Cal.App.4th 322.)

6.     Because CIPA objects to the settlement agreement, any settlement agreement between CBD and the City would violate CIPA's due process right under the California Constitution to have a decision on the merits in the aforementioned litigation, and would be unenforceable as to CIPA thereby rendering any settlement meaningless.

FIRST AMENDED VERIFIED CROSS-COMPLAINT
BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION

7.     To avoid the unnecessary waste of judicial resources required by a later collateral attack from CIPA, CIPA requests by this Cross-Complaint that the Court declare the settlement agreement between CBD and the City void as a violation of CIPA's due process right to a decision on the merits and further enjoin CBD and the City from enforcing the terms of the settlement as to CIPA.

## II.   PARTIES

8.     CIPA is a non-profit, non-partisan trade association based in Sacramento, California that represents hundreds of independent crude oil and natural gas producers, royalty owners, and service and supply companies operating in California.  CIPA is tasked with, among other things, ensuring that its members' interests in providing adequate, reliable and affordable sources of energy to the public are thoroughly protected.  CIPA's members are also engaged in and intend to continue to engage in oil and gas exploration operations throughout California, including in the City of Los Angeles, and therefore are subject to Respondents' regulatory authority.  CIPA and its members would be adversely and directly affected and irreparably injured if the Court grants the relief requested by Petitioners.   A list of CIPA's members is attached to this Cross-Complaint as Exhibit A and is incorporated herein by reference.

9.     CIPA is informed, believes and thereon alleges that Plaintiff/Petitioner and Cross-Defendant Youth for Environmental Justice is, and at all relevant times was, a non-profit organization with offices in California.

10.     CIPA is informed, believes and thereon alleges that Plaintiff/Petitioner and Cross-Defendant South Central Youth Leadership Coalition is, and at all relevant times was, a group active in California.

11.     CIPA is informed, believes and thereon alleges that Plaintiff/Petitioner and Cross-Defendant Center for Biological Diversity is, and at all relevant times was, a non-profit corporation with offices in California.

12.     Defendant/Respondent and Cross-Defendant City of Los Angeles is a local government agency and political subdivision of the State of California.  The City

of Los Angeles has acted as the lead or responsible agency for approving or denying the conditional use approvals that are the subject of the litigation.

13.     Defendant/Respondent and Cross-Defendant City of Los Angeles Department of City Planning is a local government agency and political subdivision of the State of California.  The City of Los Angeles Department of City Planning has acted as responsible agency for approving or denying the conditional use approvals that are the subject of the litigation.

14.     CIPA is informed, believes and thereon alleges that at the time the Petition was filed, Defendant/Respondent and Cross-Defendant Michael J. LoGrande was the Director of the Department and was named in his official capacity.

### III.     JURISDICTION AND VENUE

15.     Jurisdiction is only proper in the courts of the State of California because Cross-Defendants are residents of the State of California and the only claims asserted in this First Amended Verified Cross-Complaint are exclusively related to the California Constitution.  Venue is proper in the County of Los Angeles because Cross-Defendants are residents of Los Angeles County and the transactions, activities, and misconduct giving rise to this action occurred in Los Angeles.

### IV.     FACTUAL ALLEGATIONS

16.     The Petition challenges the City's alleged "pattern and practice" of issuing conditional use plan approvals for existing and new oil-extraction operations in violation of CEQA and Government Code section 11135.  (See Petition at p. 2, ¶ 7.)

17.     CBD is requesting that this Court (1) declare the Respondents' alleged "pattern and practice" invalid; (2) enjoin the City and the Department from approving conditional use plans for existing and new oil-extraction operations prior to a "faithful application of CEQA's requirements"; (3) enjoin the City and the Department from approving operational plans "with disparate and discriminatory treatment and protections for oil-extraction activities"; and (4) issue a peremptory writ of mandate requiring the City and the Department to "[f]ully perform their duties under CEQA"

1 and "[f]ully comply with Government Code section 11135." (*Id*. at pp. 40–41 ["Prayer
2 for Relief"].)

3      18.    If CBD's requested relief is granted, whether through a decision on the
4 merits or settlement, CIPA's members operating in Los Angeles would be directly
5 implicated.  CIPA's members are engaged in, and intend to continue to engage in, oil
6 and gas exploration and production operations in Los Angeles.  CIPA represents
7 dozens of oil and gas producers operating in Los Angeles, and more than 1,700 royalty
8 owners whose business, property and other interests would be immediately threatened
9 by an outcome in this litigation favorable for CBD.

10      19.    CBD has requested that this Court impose sweeping requirements for an
11 unidentified level of environmental review on all new and modified oil-extraction
12 projects that require approval by the City and the Department.  (Petition at pp. 40–41
13 ["Prayer for Relief"].)  In effect, Petitioners are proposing environmental review of
14 every oil-extraction project in Los Angeles into perpetuity.  The alleged harms
15 identified by Petitioners are supposedly associated with any oil-extraction project, no
16 matter the level of environmental scrutiny.  (See Petition at pp. 13–16, ¶¶ 34–46 ["The
17 drilling process harms local residents' quality of life."].)  The resulting uncertainty,
18 delays, and compliance costs pose a direct threat to the financial interests of CIPA's
19 members.  The disposition of this litigation is of vital importance to CIPA's members
20 and to the continued safe and effective production of energy products in Los Angeles.

21      20.    The relief requested by the Petition is beyond the scope of the law and the
22 Court has no authority to grant such relief.  Neither CEQA nor Government Code
23 section 11135 requires the level of environmental review requested by Petitioners.  The
24 City already undertakes a "faithful application" of CEQA in its oil-extraction project
25 approval process (See Petition at pp. 40–41 ["Prayer for Relief"].)  Further,
26 Government Code section 11135 has no application to the facts alleged because the
27 City's process of reviewing oil-extraction project approvals is not a "program or
28 activity" for which the City receives state funding.

21.     Despite the lack of merit to the Petition, the City has been engaging in settlement negotiations with CBD since at least April 2016, with no notice to CIPA, even though its Motion for Leave to Intervene was originally filed on December 16, 2015.

22.     Since that time, CBD and the City have consistently circumvented CIPA's fundamental right to be heard in this matter.  After CIPA filed its Motion for Leave to Intervene, CBD and the City embarked on settlement negotiations without any notice to CIPA.

23.     As a result of these settlement negotiations, CBD and the City agreed in March 2016 to transfer courtrooms with absolutely no notice to CIPA, even though its intervention motion had been on calendar for three months and was set for hearing in two weeks.  The City then proceeded to take the truly extraordinary step of filing not only an opposition brief to CIPA's Motion for Leave to Intervene, but frivolous objections to CIPA's supporting declaration and requests for judicial notice.  (See Respondents' Opp'n and Objections, filed July 7, 2016.)  In fact, the one time CIPA was able to stipulate away a dispute with CBD and the City—by continuing the June 24 case management conference to July 13—CBD and the City immediately betrayed CIPA's trust by filing a Stipulation and Order to Stay the Case to be addressed at the upcoming conference, without any prior notice to CIPA, and even though the parties had extensively corresponded about the timing of that very conference.

24.     On July 20, 2016, the Court issued an order permitting CIPA to intervene in this litigation and specifically directed that CIPA was entitled to participate in all aspects of this litigation, including the upcoming Mandatory Settlement Conference ("MSC") before the Honorable Judge Helen Bendix in Department 18.

25.     This Court further agreed to stay litigation until the October 12, 2016 case management conference, on the condition that all parties, including CIPA, would meaningfully participate in good faith settlement negotiations.  By joint stipulation of

the parties, the stay and case management conference were continued until October 14, 2016.

26.    With the MSC initially set for September 23, 2016, CIPA immediately reached out on July 21, 2016 to both CBD and the City to request access to their prior settlement communications.  CIPA carefully explained its reason for asking—*i.e.*, to meaningfully participate in the MSC as ordered by this Court—and detailed why the requested settlement communications were not privileged or confidential.  Neither CBD nor the City responded to CIPA, forcing CIPA to file its Motion to Compel Production of Settlement Communications.  Yet CBD was able to find the time to stipulate with the City and CIPA to continue the MSC to September 28, 2016, as well as to continue the case management conference and litigation stay to October 14, 2016.

27.    On August 1, 2016, CIPA reiterated its request for settlement communications.  And finally, on August 12, 2016—over three weeks after CIPA sent its initial letter—CBD finally responded by email.  CBD tersely denied CIPA's request by claiming, without any substantiation whatsoever, that the communications are privileged.  To this day, the City has never taken the time to respond to CIPA, with absolutely no explanation for its failure to do so.

28.    With the MSC fast approaching, CIPA served *ex parte* notice for hearing on August 29, 2016 that CIPA would seek an order permitting CIPA to have its Motion to Compel Settlement Communications heard by this Court before the September 28 MSC.  CBD and the City both stated they would not oppose the *ex parte* request, but only if CIPA was willing to continue the MSC and the litigation stay until mid-November.  CIPA denied this offer based on the same concern it had been expressing for months: CBD and the City should not have an opportunity to secretly negotiate settlement without CIPA represented at the negotiating table, especially because CIPA is now a party to the litigation.  This Court granted the *ex parte* request and permitted CIPA to file its Motion to Compel Settlement Communications for

1    hearing on October 14, 2016, but the MSC had to be continued to November 9, 2016,

2    to accommodate Judge Bendix's calendar.

3        29.    CIPA was subsequently informed that that the City Attorney's Office had

4    requested a closed session with the City Council of the City of Los Angeles on

5    September 28, 2016 to present advice on a settlement agreement between CBD and the

6    City.  The closed session with City Council followed a closed session with the Budget

7    and Finance Committee on September 26 and a prior closed session with the Planning

8    and Land Use Management Committee on September 20.

9        30.    On September 28, 2016, Petitioners and the City entered into an

10   agreement to settle the claims raised in the Petition, without ever contacting CIPA.

11   Later that day, Petitioners filed voluntary requests for dismissal of the claims in the

12   Petition with prejudice.  CIPA was not provided any notice of the settlement

13   agreement.

14       31.    Concerned that CBD and the City had used the litigation stay to arrive at a

15   secret settlement in violation of CIPA's right to be heard, CIPA was forced to again

16   serve *ex parte* notice for hearing on September 26, 2016 seeking an order from this

17   Court immediately lifting the litigation stay.  This Court granted the *ex parte* request

18   and immediately lifted the stay in litigation in its entirety.

19       32.    CIPA subsequently learned that on September 19, 2016, the Office of

20   Zoning Administration for the City of Los Angeles issued a memorandum regarding

21   the application and processing of oil and gas approvals pursuant to CEQA, which

22   instituted new regulations for conditional use plan approvals for existing and new oil-

23   extraction operations.

24       33.    CIPA is informed and believes that the September 19, 2016 memorandum

25   from the Office of Zoning Administration and accompanying regulations for

26   conditional use approvals for existing and new oil-extraction operations were

27   promulgated pursuant to the settlement agreement between Petitioners and the City.

28

Gibson, Dunn &
Crutcher LLP

FIRST AMENDED VERIFIED CROSS-COMPLAINT
BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION

34.    What is clear now is that CBD and the City intended all along to use the stay to prohibit CIPA from taking discovery, while secretly coming to some settlement without even advising CIPA that an agreement had been reached; or that it would be presented to the City Council on a fast track for approval.  CBD and the City have embarked on a course of "collusion to avoid executive and ultimately democratic control over the agencies."  (*Nw. Envt. Advocates v. U.S. EPA* (9th Cir. 2003) 340 F.3d 853, 855 [Kleinfeld, J., dissenting], dissent cited favorably by *Horne v. Flores* (2009) 557 U.S. 433, 449.)

35.    Any settlement agreement not involving CIPA that resolves CBD's claims regarding environmental review of oil well approvals issued to CIPA's members should be ordered void, non-binding and unenforceable as to CIPA and each of its members.  (See *Summit Media LLC v. City of Los Angeles* (2012) 211 Cal.App.4th 921, 926–929 [setting aside settlement agreement between City and real party billboard companies based on collateral attack of non-settling "property owner injured by the settlement"].)

36.    As a party to this lawsuit, with direct and significant interests that would undoubtedly be prejudiced by the settlement between CBD and the City, CIPA is entitled to object to the settlement and receive a decision on the merits of the case. (See *Reed v. Utd. Teachers L.A.* (2012) 208 Cal.App.4th 322.)

37.    Execution of the settlement agreement by CBD and the City and its subsequent enforcement against CIPA's members—even though CIPA objected to the settlement agreement—would irreparably harm the due process rights of CIPA to have a decision on the merits rendered in this case provided by the California Constitution. Any settlement agreed to by CBD and the City over CIPA's objections should be declared void and CBD and the City should be enjoined from enforcing such settlement.

38.    When CIPA filed its first Verified Cross-Complaint on September 26, 2016, neither CBD nor the City had provided any terms of the settlement agreement to

CIPA, and CIPA explicitly reserved its right to amend this Cross-Complaint once it had an opportunity to review the settlement.  CIPA is now exercising that right.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

39.     CIPA incorporates by reference paragraphs 1 through 39 above.

40.     CBD and the City agreed to settle the claims in the Petition without any notice to CIPA or recognition of its objections, and prior to a decision on the merits by this Court, in violation of the Due Process Clause of Article 1, Section 7 of the California Constitution.  No claim is asserted in the First Amended Cross-Complaint that implicates the United States Constitution, nor any of its Amendments.

41.     An actual case and controversy exists between Cross-Complainant CIPA and Cross-Defendants CBD and the City as to the constitutionality and enforceability of the settlement agreement between CBD and the City.

42.     Consistent with the claims in the Petition, the settlement agreement imposes an unknown level of environmental review on oil well approvals issued to CIPA's members without any basis in law even though CIPA has a due process right to a decision on the merits of the Petition.

43.     CIPA is entitled to a declaration that any settlement agreement between CBD and the City over CIPA's objection is void, unenforceable and unconstitutional. Any such settlement agreement should be declared by the Court as totally unenforceable in all respects against CIPA and its members.  This includes, but is not limited to, any ordinances; conditions; municipal code amendments; revocations or modifications to previously issued or pending approvals issued pursuant to Section 13.01 of the City of Los Angeles Municipal Code ("LAMC"); requirements; mitigation measures; zoning changes; procedures; guidelines; interpretations; any and all restrictions relating to Section 13.01 of the LAMC; and/or any and all other land use restrictions adopted and/or implemented by the City of Los Angeles which affect oil

and/or gas operations by CIPA members, adopted as a consequence of the settlement with Petitioners.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

44.    CIPA incorporates by reference paragraphs 1 through 44 above.

45.    Any settlement between Petitioners and the City in this matter would be void and unenforceable as to CIPA as a violation of the Due Process Clause of Article 1, Section 7 of the California Constitution.  No claim is asserted in the First Amended Cross-Complaint that implicates the United States Constitution, nor any of its Amendments.

46.    CIPA will be irreparably harmed without the injunction because its constitutional due process and property rights are at issue.  An injunction is necessary because CIPA has no plain, adequate or speedy remedy at law to preclude the irreparable harm.

47.    CIPA is entitled to an injunction prohibiting CBD and the City from enforcing any settlement of the Petition as to CIPA.   Any such settlement agreement should be enjoined by the Court as totally unenforceable in all respects against CIPA and its members.  This includes, but is not limited to, any ordinances; conditions; municipal code amendments; revocations or modifications to previously issued or pending approvals issued pursuant to Section 13.01 of the LAMC; requirements; mitigation measures; zoning changes; procedures; guidelines; interpretations; any and all restrictions relating to Section 13.01 of the LAMC; and/or any and all other land use restrictions adopted and/or implemented by the City of Los Angeles which affect oil and/or gas operations by CIPA members, adopted as a consequence of the settlement with Petitioners.

# PRAYER FOR RELIEF

WHEREFORE, Defendant/Respondent-in-Intervention and Cross-Complainant, CIPA, prays that the Court grant the following relief:

a.      That the Court issue a declaratory judgment stating the settlement agreement between CBD and the City is unconstitutional and void by undermining CIPA's due process right to a decision on the merits in violation of CIPA's Due Process rights under the California Constitution;

b.      That the Court issue a declaratory judgment stating that any change to the land use restrictions, permits, mitigation measures, conditions of approval, and/or changes to the zoning ordinances relating to any oil and gas operations in the City of Los Angeles as a consequence of the settlement between Petitioners and the City are prospectively and retrospectively unenforceable against CIPA and its members, and their respective affiliates, successors and assigns, including, but not limited to, any ordinances; conditions; municipal code amendments; revocations or modifications to previously issued or pending approvals issued pursuant to Section 13.01 of the LAMC; requirements; mitigation measures; zoning changes; procedures; guidelines; interpretations; any and all restrictions relating to Section 13.01 of the LAMC; and/or any and all other land use restrictions adopted and/or implemented by the City of Los Angeles which affect oil and/or gas operations by CIPA members, adopted as a consequence of the settlement with Petitioners;

c.      That the Court issue a temporary, preliminary, and permanent injunction prohibiting the City from enforcing against CIPA and its members, and their respective affiliates, successors and assigns, any change to the restrictions, permits, mitigation measures, conditions of approval, and/or changes to the zoning ordinances relating to any oil and gas operations in the City of Los Angeles as a consequence of the settlement of the claims by CBD and the City, including not limited to, any ordinances; conditions; municipal code amendments; revocations or modifications to previously issued or pending approvals issued pursuant to Section 13.01 of the LAMC;

1  requirements; mitigation measures; zoning changes; procedures; guidelines;

2  interpretations; any and all restrictions relating to Section 13.01 of the LAMC; and/or

3  any and all other land use restrictions adopted and/or implemented by the City of Los

4  Angeles which affect oil and/or gas operations by CIPA members, adopted as a

5  consequence of the settlement with Petitioners;

6        d.     That the Petition be denied in its entirety and judgment be entered in favor

7  of CIPA;

8        e.     That the Court award CIPA attorneys' fees and costs of suit;

9        f.     That CBD's and the City's request for attorneys' fees and costs be denied;

10  and

11        g.     That the Court grant such further relief as the Court deems just and

12  proper.

13                                         Respectfully submitted,

14  

15  Dated:  October 3, 2016                GIBSON, DUNN & CRUTCHER LLP

16  

17                                    By:   /s/ Nathaniel Johnson

18                                         Nathaniel Johnson

19                                  Attorneys for Cross-Complainant and

20                                  Defendant/Respondent-in-Intervention
                                CALIFORNIA INDEPENDENT PETROLEUM

21                                  ASSOCIATION

22  

23  

24  

25  

26  

27  

28  

Gibson, Dunn & Crutcher LLP

13
FIRST AMENDED VERIFIED CROSS-COMPLAINT
BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION

## **VERIFICATION**

I, Rock Zierman, declare:

I am the Chief Executive Officer for Respondent-in-Intervention California Independent Petroleum Association, and I am authorized to provide this verification. I have read the foregoing VERIFIED CROSS-COMPLAINT BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION ("CROSS-COMPLAINT") and I am familiar with the contents thereof. I am informed and believe under penalty of perjury that the matters set forth in the CROSS-COMPLAINT are true.

I declare under penalty of perjury under the laws of the State of California that this Verification was executed by me on October 3, 2016, at Sacramento, California, and that the foregoing is true and correct.

_____
Rock Zierman

102190503.2

Gibson, Dunn &
Crutcher LLP

# PROOF OF SERVICE

I, Nathaniel Johnson, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Ave., Los Angeles, California 90071, in said County and State.  On October 3, 2016, I served the following document(s):

**FIRST AMENDED VERIFIED CROSS-COMPLAINT BY CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION**

on the parties stated below, by the following means of service: **SEE ATTACHED SERVICE LIST**

☑ **BY ELECTRONIC TRANSFER TO CM/ECF:**  In accordance with Federal Rules of Civil Procedure 5(d)(3) and Local Rule 5-4, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed document to the U.S. District Court Central District of California's Electronic Case Filing (CM/ECF) system on this date.

☑ **BY UNITED PARCEL SERVICE:**  On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

☑ **BY U.S. MAIL**:  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐ **(STATE)**       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 3, 2016.

/s/Nathaniel Johnson
Nathaniel Johnson

Gibson, Dunn & Crutcher LLP

1

## SERVICE LIST

2
3
4
5
6

Adam B. Wolf (SBN 215914)
Pfeiffer Rosca Wolf Abdullah Carr &
Kane
9696 Culver Boulevard, Suite 301
Culver City, California 90232
Telephone: (415) 766-3545
Facsimile: (415) 402-0058
Email: awolf@prwlegal.com
[VIA UPS]

Deepak Gupta (*pro hac vice* pending)
Neil K. Sawhney (SBN 300130)
Gupta Wessler PLLC
1735 20th Street, NW
Washington, DC 20009
Telephone: (202) 888-1741
Facsimile: (202) 888-7792
Email: deepak@guptawessler.com
[VIA UPS]

7

8
9
10
11
12

Gladys Limón (SBN 228773)
Communities for a Better Environment
6325 Pacific Boulevard, Suite 300
Huntington Park, California 90255-4100
Telephone: (323) 826-9770 ext. 117
Facsimile: (323) 588-7079
Email: glimon@cbecal.org
[VIA UPS]

Kassia R. Siegel (SBN 209497)
The Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, California 94612
Telephone: (760) 366-2232
Facsimile: (510) 844-7150
Email: ksiegel@biologicaldiversity.org
[VIA UPS]

13
14
15
16
17

Maya Golden-Krasner (SBN 217557)
The Center for Biological Diversity
Post Office Box 1476
La Canada Flintridge, California 91012
Telephone: (213) 215-3729
Facsimile: (510) 844-7150
Email:
mgoldenkrasner@biologicaldiversity.org
[VIA U.S. MAIL]

Amy Brothers (SBN 206283)
Office of Los Angeles City Attorney
700 City Hall East
200 North Main Street
Los Angeles, California 90012
[VIA UPS]

18
19
20
21
22
23
24
25
26
27
28

2
PROOF OF SERVICE