**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| YOUTH FOR ENVIRONMENTAL JUSTICE; SOUTH CENTRAL YOUTH LEADERSHIP COALITION; and CENTER FOR BIOLOGICAL DIVERSITY, | Case No. 2:16-CV-07381-ODW (ASx) |
| Petitioners/Plaintiffs, | **ORDER GRANTING MOTION TO REMAND [12]** |
| v. | |
| CITY OF LOS ANGELES; CITY OF LOS ANGELES DEPARTMENT OF CITY PLANNING; MICHAEL J. LOGRANDE, in his official capacity as Director of Los Angeles Department of City Planning; and DOES 1–20, inclusive, | |
| Respondents/Defendants. | |

CALIFORNIA INDEPENDENT
PETROLEUM ASSOCIATION,

Respondent/Defendant-in-
Intervention

## I.   INTRODUCTION

Petitioners/Plaintiffs and Respondents/Defendants Jointly removed this case to federal court on October 3, 2016.   (ECF No. 1.)   On October 14, 2016, Respondent/Defendant-in-Intervention California Independent Petroleum Association ("CIPA") filed a Motion to Remand the case.   (ECF No. 12.)   Shortly thereafter, Petitioners/Plaintiffs and Respondents/Defendants filed Statements of Non-Opposition to the Motion to Remand (ECF Nos. 17, 18.)   Despite this, a point of disagreement remains.   CIPA seeks to have this case remanded to a specific Judge in the Los Angeles Superior Court, Judge Terry Green (*see* Mot. to Remand 1), but the other parties in the case request that this Court generally remand the case, not specifying a particular judge to whom the case should be assigned.   (*See* Statement of Non-Opp'n to Pl. Mot. for Remand 5–6, ECF No. 18.)   Because the Court finds no authority or good cause for remanding the case to a specific judge, , the Court **REMANDS** the case but declines to identify a particular state court Judge in doing so.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.   *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).   A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.   28 U.S.C. § 1441(a).   A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.   28 U.S.C. § 1447(c).

On the topic of remanding to a specific judge, this Court has not been able to

1   locate any authority for doing so.  It is this Court's practice to simply remand without

2   specifying a judge to which the action is assigned.  *See, e.g.*, *Onelum v. Best Buy*

3   *Stores L.P.*, 948 F.Supp.2d 1048, 1055 (C.D. Cal. 2013) ("[T]his Court GRANTS

4   Plaintiff's Motion to Remand.  The Clerk shall close this action and remand it to the

5   Los Angeles County Superior Court, Case No. [omitted] . . . ."); *Horne v. Wells Fargo*

6   *Bank, N.A.*, 969 F.Supp.2d 1203, 1210 (C.D. Cal. 2013) ("The court therefore directs

7   the clerk to remand the action forthwith the Los Angeles Superior Court."); *Bonilla v.*

8   *Starwood Hotels & Resorts Worldwide, Inc.*, 407 F.Supp.2d 1107, 1115 (C.D. Cal.

9   2005) ("Therefore, the Court GRANTS Planitiffs' Motion to Remand and awards

10  Plaintiffs' attorneys' fees . . . ."); *Envtl. Research Ctr. v. Heartland Prods.*, 29

11  F.Supp.3d 1281, 1284 (C.D. Cal. 2014) ("[T]he Court hereby . . . GRANTS plaintiff's

12  motion to remand, and directs the Clerk to REMAND this case to the Los Angeles

13  County Superior Court.").  Further, the California Rules of Court provide that the

14  presiding state court judge is responsible for assigning and reassigning cases to

15  departments and judges.  Cal. R. of Court 10.603(b)(1)(B).

### III.   DISCUSSION

17  Here, there is no issue as to whether remand is proper, as all parties have agreed

18  to remand.  (*See* Mot. to Remand; Statement of Non-Opp'n to Pl. Mot for Remand;

19  Not. of Non-Opp'n to Mot. to Remand.)

20  Regarding CIPA's argument for remand to Judge Green, the Court sees no

21  reason to remand this case to a particular judge.  It cannot find any precedent for

22  doing so, nor has CIPA provided any.  In addition, CIPA appears confident that the

23  matter will go back to Judge Green on remand in any case.  (*See id.* at 2 ("When this

24  Court remands the case to Los Angeles Superior Court, it is clear the case is going

25  directly back to Judge Green.").)  The Court declines to provide anything other than

26  the usual remedy in cases where remand is warranted, which is granted below.

### IV.   CONCLUSION

28  For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to

1   Remand (ECF No. 12).   The Clerk shall close this action and remand it to the Los

2   Angeles County Superior Court, Case No. BC600373.

3

4        **IT IS SO ORDERED.**

5

6        November 3, 2016

7

8                              _____

9                                   **OTIS D. WRIGHT, II**
                                **UNITED STATES DISTRICT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4